SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

August 18, 2023

Rodolfo Martinez
SBI# 00452236
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: *State of Delaware v. Rodolfo Martinez,* Def. ID Nos. 1904013653 and
    1904003476 (R-1)

Dear Mr. Martinez:

On February 19, 2020, after a colloquy with me, you pled guilty to Drug
Dealing Tier 4, Racketeering, and Possession of a Firearm and Ammunition by a
Person Prohibited. You were sentenced that same day to five years at Level 5 for
the Drug Dealing Charge and two years at Level 5 for the Racketeering Charge.

On August 24, 2022, I received your first *pro se* Motion for Postconviction
Relief under Delaware Superior Court Criminal Rule 61 (the "Motion"), dated
August 17, 2022, with respect to the above-referenced cases, together with a Brief
in Support of the Motion (the "Brief"). You state six grounds for relief. The first

four grounds assert that your constitutional rights were violated under the Sixth Amendment to the Unites States Constitution[1] and the Delaware Supreme Court case *Reed v. State*[2] by the failure of Zachary George, Esquire, your defense counsel at trial ("Trial Counsel") to consider a motion to withdraw your guilty plea in order to pursue several suppression motions and a potential trial defense under the Fourth Amendment to the United States Constitution,[3] or to allow another lawyer to do so. Your fifth ground asserts cumulative error under the Fourteenth Amendment to the United States Constitution[4] and the Delaware Constitution.[5] Your sixth ground asserts that any of the first four claims, standing alone, warrants withdrawal of your guilty plea. Your Motion did not request the appointment of postconviction counsel, nor was I obligated to appoint one.[6]

I first address the four procedural bars of Rule 61.[7] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[8] A Rule

---

[1] U.S. Const. amend. VI.
[2] 258 A.3d 807 (Del. 2021). The *Reed* case was heard by me.
[3] U.S. Const. amend. IV.
[4] U.S. Const. amend. XIV.
[5] Del. Const. Art. I, § 12.
[6] Super. Ct. Crim. R. 61(e)(3).
[7] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[8] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

61 Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[9]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final.[10] In this case, your conviction became final for purposes of Rule 61 30 days after I imposed sentence; i.e., March 19, 2020.[11] You filed the Motion on August 24, 2022, long after the one-year deadline. Therefore, consideration of the Motion would ordinarily be barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[12] Since this is your first motion for postconviction relief, consideration of the Motion is not barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[13] Your grounds for relief are based on a claim of ineffective assistance of counsel. It is well-settled Delaware law that, as collateral claims, ineffective assistance of counsel claims

---

[9] Super. Ct. Crim. R. 61(i).
[10] Super. Ct. Crim. R. 61(i)(1).
[11] Super. Ct. Crim. R. 61(m)(1).
[12] Super. Ct. Crim. R. 61(i)(2).
[13] Super. Ct. Crim. R. 61(i)(3).

are properly raised for the first time in postconviction proceedings.[14] Therefore, consideration of the Motion is not barred by this provision.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[15] In the Motion, you seek to relitigate issues you have already asserted in the case in various suppression motions and a potential trial defense based on the seizure of certain items, all of which motions I previously denied. Therefore, consideration of the Motion would ordinarily be barred by this provision.

However, none of these four procedural bars apply either to a claim that a new, retroactively applied rule of constitutional law renders the conviction invalid.[16] You argue that *Reed* created a new, retroactively applied rule of constitutional law that apples to your case and renders your conviction invalid. You further argue that, as a result, the two procedural bars under Rule 61, which would otherwise apply, do not apply, and I should consider the Motion on its merits.

---

[14] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[15] Super. Ct. Crim. R. 61(i)(4).
[16] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

On August 31, 2022, I directed that, because of this constitutional argument, postconviction counsel be appointed to represent you as soon as practicable.[17] I also requested a response from the State to your Motion.[18]

Patrick J. Collins, Esquire, was appointed as your postconviction counsel ("PCC"). However, when you conferred with Mr. Collins, you informed him that you wished to proceed *pro se*, and thus his appointment as PCC was rescinded.

On April 19, 2023, I entered a Scheduling Order giving you until June 20, 2023 to file an amended Rule 61 Motion. I never received this amended Motion from you, and therefore deem it waived. After an extension of the deadline, the State's Response, dated July 31, 2023, was received on August 1, 2023.

You assert that Trial Counsel failed to consider a motion to withdraw your guilty plea, or to allow another lawyer to do so, in violation of *Reed*, and that this failure constitutes ineffective assistance of counsel under the dual standards of *Strickland v. Washington*[19] and *Ploof v. State*.[20] *Reed* was decided after your case, so the threshold legal question is whether *Reed* established a new, retroactively applied rule of constitutional law that applies to your case.

This Court resolved that issue in *State v. Wonnum*,[21] in which it held:

---

[17] Super. Ct. Crim. R. 61(e)(3).
[18] Super. Ct. Crim. R. 61(f)(1).
[19] 466 U.S. 668 (1984).
[20] 75 A.3d 840 (2013), which applied *Strickland* in Delaware.
[21] 2022 WL 681951 (Del. Super. March 8, 2022).

*Reed* established no new constitutional right and to the extent that it does, the facts of this case make *Reed* inapplicable to it.[22]

I am persuaded by the State's argument that *Reed* does not expand the protections of the Sixth Amendment, but rather clarifies the existing rules and applies existing precedent. As such, it does not meet the Rule 61 requirement that would allow it to defeat the procedural bars of Rule 61.

Even if *Reed* were deemed to apply a retroactively applicable constitutional rule to your case, the facts of your case are different from those in *Reed.* In *Reed*, the defendant sought to withdraw his guilty plea prior to sentencing, The defendant's counsel did not believe that there were grounds to justify withdrawal of the guilty plea. I declined to allow the defendant to withdraw his guilty plea *sua sponte*, since he was represented by counsel. In your case, you pled and were sentenced immediately. There is no evidence whatsoever in your case that you had any issue with your plea, or any disagreement with Trial Counsel about your guilty plea, until you filed your Rule 61 Motion. Then the *Reed* decision came down and offered you a convenient escape from the procedural bars of Rule 61.

For the reasons discussed above, there is no need for me to hold an evidentiary hearing[23] to consider your constitutional argument. Your Rule 61 Motion is procedurally barred and is **DENIED**.

---

[22] *Id*. at *3.
[23] Super. Ct. Crim. R. 61(g)(3).

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:    Prothonotary
Georgia C. Pham, Esquire, Deputy Attorney General
Zachary George, Esquire